UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••••••

**JOHN MEZZALINGUA ASSOCIATES, INC.,
D/B/A PPC**

                              **Plaintiff,**

              **-v-**                              **5:10-CV-1162 (NAM/DEP)**

**INTEGRATED NETWORK CABLE, INC. D/B/A
SHOWMECABLES, MENAGE AUTOMATION, INC.
D/B/A HOMETECH SOLUTIONS, SMARTLABS, INC.
D/B/A SMARTHOME, INC.,WIRED COMMUNICATIONS,
INC.,MONOPRICE, INC., ARIZA TECHNOLOGY, INC.,
ZHEJIANG CIXIWINSHOW EQUIPMENT CO., LTD.,
HANGZHOU PREVAIL OPTOELECTRONIC EQUIPMENT
CO., LTD., HANJIANG FEIYU ELECTRONICS
EQUIPMENT FACTORY, STEREN ELECTRONICS
INTERNATIONAL, LLC, ZHEJIANG TIANJIE
INDUSTRIAL COMPANY, LTD., STRUCTURED CABLE
PRODUCTS, INC., INTERMARK INDUSTRIES, INC.,
EDALI INDUSTRIAL CORPORATION, AND PICO
DIGITAL, INC.,[1]**

                              **Defendants.**

••••••••••••••••••••••••••••••••••••••••••••••••••••••

APPEARANCES:

Hiscock & Barclay LLP
Douglas J. Nash, Esq., of counsel
John D. Cook, Esq., of counsel
Kathryn Daley Cornish, Esq., of counsel
William C. Alciati, Esq., of counsel
One Park Place
300 South State Street
Syracuse, New York 13202-2078
and

Harris, Beach Law Firm
James R. Muldoon, Esq., of counsel

---

[1] The parties amended the caption by stipulation (Dkt. No. 139).

One Park Place
300 South State Street
Syracuse, New York 13202
Attorneys for Plaintiff

Gordon, Rees Law Firm
Richard Sybert, Esq., of counsel
Robert Modica, Esq., of counsel
90 Broad Street
23rd Floor
New York, New York 10004
Attorneys for Defendants Integrated Network Cable, Inc. d/b/a ShowMeCables; Menage Automation, Inc.
d/b/a HomeTech Solutions; SmartLabs, Inc. d/b/a Smarthome, Inc.; Wired Communications, Inc.; Steren
Electronics International, LLC; Pico Digital, Inc.

Brush, Sacks Law Firm
Michael A. Brush, Esq., of counsel
815 Moraga Drive
Bel-Air, California 90049
Attorney for Defendant Structured Cable Products, Inc.

Wang, Hartmann Law Firm
Erick P. Wolf, Esq., of counsel
1301 Dove Street - Suite 1050
Newport Beach, California 92660
and
Wang, Hartmann Law Firm
Richard F. Cauley. Esq., of counsel
2570 El Camino Real, Suite 440
Mountain View, California 94040
Attorneys for Defendant Edali Industrial Corporation

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## BACKGROUND

Plaintiff moves (Dkt. No. 140) for default judgment against defendants Hanjiang Fei Yu

Electronics Equipment Factory ("Feiyu"); Zhejiang Tianjie Industrial Company, Ltd. ("Tianjie");

and Intermark Industries, Inc. ("Intermark").  On June 20, 2011, plaintiff obtained clerk's entries

of default as to all three companies (Dkt. Nos. 126, 127, and 128).  Relying on the clerk's entries

of default and the allegations of the complaint (Dkt. No. 1), plaintiff seeks a finding of liability

-2-

against Feiyu, Tianjie, and Intermark for patent infringement, and a permanent injunction enjoining them from further infringment of the patents in suit.  As set forth below, the Court denies the motion without prejudice.

## COMPLAINT

As against defendants Feiyu, Tianjie, and Intermark, the complaint alleges:

> 44. Upon information and belief, Feiyu has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '257 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC.

> 45. Upon information and belief, one or more Feiyu products, including its model FY039, FY039-B and FY040B coaxial cable compression connectors, infringe the '257 Patent.
> ***
> 48. Upon information and belief, Tianjie has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '257 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC. (Collectively, CableWholesale, Monoprice, Ariza, Cixi, Hangzhou, Feiyu, Steren, and Tianjie are hereinafter referred to as "the '257 Defendants.")

> 49. Upon information and belief, one or more Tianjie products, including its model FY039 coaxial cable compression connectors, infringe the '257 Patent.

> 50. Each of the '257 Defendants' infringement of the '257 Patent was deliberate and willful.
> ***
> 73. Upon information and belief, Feiyu has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '194 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC.

> 74. Upon information and belief, one or more Feiyu products, including its

-3-

model FY037, FY039A, FY041 and FY043 coaxial cable compression connectors, infringe the '194 Patent.
***

81. Upon information and belief, Tianjie has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '194 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC.

82. Upon information and belief, one or more Tianjie products, including its model FY037 coaxial cable compression connector, infringe the '194 Patent.
***

85. Upon information and belief, Intermark has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '194 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC.

86. Upon information and belief, one or more Intermark products, including its model ISVP-F56COM coaxial cable compression connector, infringe the '194 Patent.
***

89.*** (Collectively, Sadoun, ShowMeCables, HomeTech, Skywalker, CableWholesale, Smarthome, Wired, AV-Outlet, Cixi, Hangzhou, Feiyu, UltraLink, Vanco, Steren, Tianjie, Structured, Intermark, Suttle and Edali are hereinafter referred to as "the '194 and '940 Defendants.")
***

91. Each of the '194 and '940 Defendants' infringement of the '194 Patent was deliberate and willful.
***

114. Upon information and belief, Feiyu has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '940 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC.

115. Upon information and belief, one or more Feiyu products, including its model FY037, FY039A, FY041 and FY043 coaxial cable compression connectors, infringe the '940 Patent.
***

122. Upon information and belief, Tianjie has been and is now directly

-4-

infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '940 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC.

123. Upon information and belief, one or more Tianjie products, including its model FY037 coaxial cable compression connector, infringe the '940 Patent.

124. Upon information and belief, Intermark has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim o f the '940 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC.

125. Upon information and belief, one or more Intermark products, including its model ISVP-F56COM coaxial cable compression connector, infringe the '940 Patent.
***
139. Upon information and belief, Feiyu has been and is now directly infringing, contributorily infringing, and/or inducing infringement of at least one claim of the '076 Patent, within the meaning of 35 U.S.C. § 271(a)-(c), by making, using, importing, offering for sale, or selling coaxial cable compression connectors, either directly or through established distribution channels, without authority or license from PPC. (Collectively, Ariza, Hangzhou and Feiyu are hereinafter referred to as "the '076 Defendants.")

140. Upon information and belief, one or more Feiyu products, including its model FY039-B coaxial cable compression connector, infringe the '076 Patent.

141. Each of the '076 Defendants' infringement of the '076 Patent was deliberate and willful.

## DISCUSSION

On this motion, plaintiff seeks determinations that Feiyu, Tianjie, and Intermark are liable for patent infringement, and a permanent injunction enjoining them from further infringement of the patents in suit.  In its Memorandum of Law, plaintiff states that it "reserves its right to file a motion with the Court for past monetary damages and/or attorneys' fees and costs."

-5-

Plaintiff has obtained clerk's entries of default against Feiyu, Tianjie, and Intermark.  A party's default is deemed to constitute a concession of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992).  It is not, however, an admission of damages.  *See id*.  Moreover, despite a defendant's default, it is for the Court to determine whether the plaintiff has established its entitlement to the relief it seeks, and whether a default judgment is appropriate.  *See generally Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

Here, every allegation on which the Court could base a determination of infringement is pleaded "upon information and belief."  Moreover, the allegations of infringement are conclusory and lack a sufficient factual basis to support relief.  The declaration of W. Cook Alciati, Esq., plaintiff's attorney in this case, establishes service and default, but does not add factual allegations upon which the Court could determine that plaintiff is entitled to permanent injunctions against Feiyu, Tianjie, and Intermark.  Plaintiff has not established its entitlement to the relief sought.

## CONCLUSION

It is therefore

ORDERED that the motion (Dkt. No. 140) is denied without prejudice.

IT IS SO ORDERED.

Date:   December 28, 2011
        Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge

-6-